UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JIAYI CHENG, JASON LI and SHIN-YUEH KAO,

              *Plaintiffs*,

  -against-

HAU YI WONG a/k/a NIKI WONG and EYEVIEW
OPTICAL LLC,

              *Defendants*.

24-CV-1507 (ARR) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

In the present action, Jiayi Cheng, Jason Li, and Shin-Yueh Kao ("plaintiffs") assert

various federal and state wage claims against defendants Hau Yi Wong and Eyeview Optical

LLC. In my prior order granting in part and denying in part defendants' motion to dismiss, I

dismissed plaintiffs' claim for spread of hours pay under the New York Labor Law. *See* Order

Granting in Part and Denying in Part Defendants' Motion to Dismiss at 15 ("Order on MTD"),

ECF No. 14. Plaintiffs subsequently amended their complaint to reassert their spread of hours

claim. *See* First Amended Complaint ("FAC"), ECF No. 15. For the reasons discussed below, I

again **GRANT** defendants' motion to dismiss the spread of hours claim.

**BACKGROUND**[1]

Between May 2021 and August 2023, plaintiffs were employed by defendant Eyeview

Optical LLC ("Eyeview"), an eyeglasses retailer located in Queens, NY, that was owned and

operated by defendant Ms. Wong. *See* FAC at 2–4. Ms. Cheng worked for Eyeview as an

optician assistant, technician, receptionist, and bookkeeper; Mr. Li and Mr. Kao worked for

---

[1] For the purposes of defendants' motion to dismiss, I assume that all factual allegations in the
FAC are true. *See Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021).

Eyeview as opticians. *Id*. at 2, 5. Ms. Wong orally promised to pay Ms. Cheng $25.00 per hour,

Mr. Li $36.00 per hour, and Mr. Kao $35.00 per hour. *Id*. at 6–7. However, defendants withheld a

large portion of the plaintiffs' promised wages. During the more than two years that plaintiffs

were employed by Eyeview, Ms. Cheng was paid $34,551, Mr. Li was paid $12,500, and Mr.

Kao was paid $10,500. *Id*. at 16.

As relevant to the present motion, plaintiffs claim that, during certain periods of their

employment, they worked more than ten hours in each workday and were not properly

compensated under New York law for those days. *Id*. at 14. Ms. Cheng "consistently worked . . .

seven (7) days a week . . . from 10 a.m. to 7:30 p.m." *Id*. at 5. Mr. Li "consistently worked at

least two (2) days a week . . . [for] at least 20 hours per week" on "varying" days and times. *Id*.

at 6. Mr. Kao "consistently worked at least one (1) day a week . . . [for] at least 10 hours per

week" on "varying" days and times. *Id*. at 7. In addition, when Eyeview's storefront was being

renovated in September 2021, July 2022, and November 2022 (the "Renovation Periods"),

plaintiffs were required to work "late until after midnight or earlier [the] next morning like 4 a.m

. . . in excess of ten . . . hours each day . . . during the store's renovations." *Id*. at 5.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court "must construe [the

complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable

inferences in the plaintiff['s] favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions are not entitled to

the presumption of truth, and therefore "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Roe v. St. John's Univ.*, 91 F.4th 643,

651 (2d Cir. 2024) (internal quotation marks omitted).

## DISCUSSION

In addition to the minimum wage and overtime requirements, New York regulations

require employers to pay employees "one hour's pay at the basic minimum hourly wage rate in

[addition to their hourly wage] . . . for any day in which . . . the spread of hours exceeds 10

hours." N.Y.C.R.R § 142-2.4(a).[2] However, "[o]nly employees making the minimum wage rate,

or less, are eligible for spread-of-hours compensation." *Hernandez v. Delta Deli Mkt. Inc.*, No.

18-CV-375, 2019 WL 643735, at *7 (E.D.N.Y. Feb. 12, 2019). Thus, to state a spread of hours

claim, plaintiffs must allege that they worked more than ten hours in one workday and that, given

the hours worked, their hourly pay was equal to (or less than) the minimum wage. Although

plaintiffs have adequately alleged that their workdays exceeded ten hours in certain periods, they

have failed to sufficiently allege their rate of pay during those days. I therefore dismiss their

claim for spread of hours pay.

## I.      Sufficiency of Allegations that Plaintiffs Worked More Than Ten Hours

Defendants contend that plaintiffs have not plausibly alleged that they worked more than

ten hours in a single workday during the Renovation Periods.[3] To plead a plausible wage and

hour claim, a plaintiff must do more than allege that she worked excess hours "in some or all

---

[2] Spread of hours is defined as "the interval between the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals [off] duty." *Id*. § 142–3.16.
[3] Plaintiffs concede that their spread of hours claim is limited to the Renovation Periods and make no argument that they are asserting a claim outside of those dates. Pls.' Mem. L. Opp. Defs.' Mot. Dismiss at 6–8 ("Pls.' Opp."), ECF No. 19.

workweeks," *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (internal

quotation marks omitted), or that "at some undefined period in [her] employment [she] worked"

excess hours, *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023). Such

allegations "would be far too vague . . . for putting a defendant on notice of the alleged

violation." *Id*. At the same time, however, the Second Circuit has repeatedly emphasized that a

plaintiff is "not obligated to keep careful records and plead [her] hours with mathematical

precision," nor must she "list specific weeks" during which she worked excess hours. *Id*. at 116

(internal quotation marks omitted). Indeed, a complaint "need not even set forth the approximate

number of unpaid regular and overtime hours allegedly worked." *Id*. at 114 (internal quotation

marks omitted).

Plaintiffs identify specific time periods when the Eyeview storefront was being

renovated—September 2021, July 2022, and November 2022—during which they each

"work[ed] late until after midnight" on shifts that exceeded ten hours per workday. FAC at 5.

Although defendants contend that those allegations are mere "legal conclusion[s] couched as []

factual allegation[s]," Mem. L. Supp. Defs.' Mot. Dismiss at 4 ("Defs.' Mot."), ECF No. 20,

courts have regularly found similar allegations sufficient to state a claim. *See Spiciarich v.

Mexican Radio Corp.*, No. 15-CV-851, 2017 WL 1194017, at *6 (N.D.N.Y. Mar. 30, 2017)

(concluding that plaintiff sufficiently alleged spread of hours claim based on allegation that he

worked at least one shift in excess of ten hours in specified pay periods and was not properly

compensated for those hours); *Perdomo v. 113-117 Realty, LLC*, No. 18-CV-9860, 2019 WL

6998621, at *6 (S.D.N.Y. Dec. 20, 2019) (finding allegation that plaintiff "regularly worked ten

(10) or more hours for three (3) days per week" sufficient to state a spread of hours claim

(internal quotation marks omitted)).

Plaintiffs' allegations do more than offer "mere generalizations of the amount of time worked." *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 169 (E.D.N.Y. 2018); *cf. Amponin v. Olayan Am. Corp.*, No. 14-CV-2008, 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (dismissing complaint alleging that plaintiff "generally worked from 9 a.m. to 7 p.m., and occasionally later," but identifying "neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week" (internal quotation marks omitted)); *Bustillos v. Acad. Bus, LLC*, No. 13-CV-565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA claims where the plaintiff merely alleged that he "worked some number of excess hours in some unidentified week"). Although plaintiffs do not identify *precise* dates in which they worked more than ten hours, their allegation that their shifts were extended in *specific* periods due to store renovations is "sufficient detail . . . to support a reasonable inference that they worked" the requisite number of hours. *Nakahata v. N.Y.-Presbyterian Heathcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

The complaint also differs from those cases in which courts have dismissed complaints that merely repeated "the statutory language, without any additional factual context." *Kuck*, 354 F. Supp. 3d at 169; *see Ayala v. Looks Great Servs., Inc.*, No. 14-CV-6035, 2015 WL 4509133, at *8 (E.D.N.Y. July 23, 2015) (dismissing complaint merely alleging that "[t]hroughout [plaintiffs'] employment . . . , [p]laintiffs worked more than ten (10) hours from Monday through Saturday every workweek"); *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014) (dismissing complaint alleging only that plaintiff "was assigned and actually worked more than 40 hours per week"). "Unlike th[o]se cases, the . . . Complaint here sets forth a specific range of time that the [p]laintiffs worked above the [requisite] threshold." *Kuck*, 354 F. Supp. 3d at 170.

5

Although defendants contend that plaintiffs' allegations are insufficient because plaintiffs did not allege "the time [that] [p]laintiffs . . . began their work day" during the Renovation Periods, Defs.' Mot. at 5, defendants cite no authority for the proposition that a plaintiff must precisely plead her schedule to adequately allege the hours that she worked. Indeed, the Second Circuit has instructed that a plaintiff does *not* always need to "set forth the approximate number of . . . hours allegedly worked." *Herrera*, 84 F.4th at 114. A fair reading of plaintiffs' allegations is that their shifts during the Renovation Periods were extended until at least midnight, and that that extension brought their workdays past ten hours. Given that the FAC identifies a defined period in which plaintiffs worked extended shifts and provides a specific explanation for why plaintiffs were required to do so, *see* FAC at 5, I find that the FAC sufficiently alleges that plaintiffs worked the requisite number of hours for those limited periods. *See Lundy v. Cath. Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013) ("Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## II.      Sufficiency of Allegations that Plaintiffs Received Minimum Wage or Less

As discussed above, "the spread of hours pay requirement only applies to those employees making minimum wage." *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 281 (E.D.N.Y. 2015).[4] During the years in which plaintiffs were employed by Eyeview, the minimum wage in New York City (including Queens County) was $15.00 per hour. N.Y.C.R.R §

---

[4] As the New York State Department of Labor has explained, "if the weekly wages actually paid to an employee equal or exceed the total of: (i) 40 hours paid at the basic minimum wage rate; (ii) overtime paid at the particular employee's overtime rate; and (iii) one hour's basic minimum wage rate for each day the employee worked in excess of 10 hours, then no additional compensation is due." *Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC*, No. 10-CV-1741, 2012 WL 1004848, at *7 (E.D.N.Y. Mar. 23, 2012).

142-2.1(a)(1). Defendants contend that plaintiffs have not sufficiently pled that they were paid at or below minimum wage during the Renovation Periods for which they claim spread of hours pay. *See* Defs.' Mot. at 5–6. I agree that the FAC's allegations are insufficient in that regard.

Plaintiffs' sole allegation regarding their actual compensation is that, during the more than two-year period in which plaintiffs were employed by defendants, Ms. Cheng was paid $34,551, Mr. Li was paid $12,500, and Mr. Kao was paid $10,500. FAC at 16. As I explained in my prior order, plaintiffs have alleged that, during the periods in which they were employed, Ms. Cheng worked at least 7,714 hours, Mr. Li worked at least 2,331.5 hours, and Mr. Kao worked at least 1,118.5 hours. Order on MTD at 14. In combination, those allegations demonstrate that, throughout the relevant period, Ms. Cheng was paid an average hourly rate of $4.48, Mr. Li was paid an average hourly rate of $5.36, and Mr. Kao was paid an average hourly rate of $9.39.

However, plaintiffs cannot rely on such aggregate calculations across the entirety of their employment to establish their hourly wage during the Renovation Periods. Whether plaintiffs were paid minimum wage is determined by their average wage *in a given workweek*. *See* N.Y.C.R.R. § 142-2.9 ("The minimum and overtime wage . . . shall be required for each week of work, regardless of the frequency of payment . . . ."); *see also* 29 C.F.R. § 778.109 (providing that, under the FLSA, a plaintiff's average hourly wage is determined "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek"); *Baldia v. RN Express Staffing Registry LLC*, 633 F. Supp. 3d 693, 712 (S.D.N.Y. 2022) (noting that "[u]nder the FLSA and NYLL, [a]n employee cannot state a claim for a minimum wage violation unless [her] average hourly wage falls below the . . . minimum wage" in a "given workweek" (internal quotation marks omitted)).

Plaintiffs allege that they were each promised an hourly wage (between $25.00 and $36.00) and that Ms. Cheng was paid "for the time of 1,666 hours," Mr. Li was paid "for the time of 347 hours," and Mr. Kao was paid "for the time of 300 hours" under those promised rates. FAC at 16. Those allegations suggest that plaintiffs were, in practice, paid for some work hours and received nothing for other work hours. But because the FAC contains no indication of the frequency of pay or how much was paid in each pay period, I cannot determine whether plaintiffs were (1) paid for all of their hours in some weeks and completely unpaid in other weeks; (2) consistently paid for a portion of their hours every week; (3) sporadically paid whatever sum defendants felt appropriate; or (4) paid a single lump sum. As a result, the FAC's allegation as to plaintiffs' aggregate pay permits the reasonable inference that plaintiffs were paid at or below minimum wage during many of their weeks of employment, but does not permit the inference that plaintiffs were paid at or below minimum wage during the specific weeks in which they claim spread of hours pay. *See Fangrui Huang v. GW of Flushing I, Inc*., No. 17-CV-3181, 2019 WL 145528, at *5 (E.D.N.Y. Jan. 9, 2019) (noting that "to state a NYLL minimum wage claim, [p]laintiff must show that his average hourly pay was less than [the minimum wage rate]" in a given week).

In conclusion, plaintiffs have failed to sufficiently allege that they were compensated at or below minimum wage during the Renovation Periods, and therefore have failed to state a claim for spread of hours pay during those periods.

## CONCLUSION

For the reasons set forth above, I **GRANT** defendants' motion to dismiss the FAC's ninth cause of action for spread of hours pay. Plaintiffs are granted leave to file a second amended complaint by October 10, 2024. Plaintiffs are advised that this will be their final opportunity to amend their complaint to state a spread of hours claim.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated:           September 26, 2024
                    Brooklyn, New York