UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JIAYI CHENG, JASON LI and SHIN-YUEH KAO, individually and derivatively on behalf of EYEVIEW OPTICAL LLC,

*Plaintiffs*,

-against-

HAU YI WONG a/k/a NIKI WONG and EYEVIEW OPTICAL LLC,

*Defendants*.

24-CV-1507 (ARR) (LB)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

In the present action, Jiayi Cheng, Jason Li, and Shin-Yueh Kao ("plaintiffs") assert various claims arising from their employment with defendants Hau Yi Wong and Eyeview Optical LLC. Plaintiffs' First Amended Complaint ("FAC") asserted overtime claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), failure to furnish proper wage statements in violation of the NYLL, and a breach of contract claim for outstanding wage payments. *See* FAC, ECF No. 15. Plaintiffs now move to amend their complaint to add minimum wage claims under the FLSA and NYLL, untimely payment claims under the FLSA and NYLL, and underpayment of wages at the agreed-upon-rate under the NYLL. *See* Mem. of Law Mot. to Amend ("Mot."), ECF No. 37. Defendants oppose that motion. *See* Mem. in Opp. ("Opp."), ECF No. 39. For the reasons set forth below, I GRANT in part and DENY in part plaintiffs' motion.

**FACTUAL BACKGROUND**[1]

---

[1] For the purposes of plaintiffs' motion to amend, I assume that all factual allegations in the SAC are true. *See Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021).

1

Between May 2021 and August 2023, plaintiffs were employed by defendant Eyeview Optical LLC ("Eyeview"), an eyeglasses retailer located in Queens, NY that was owned and operated by defendant Ms. Wong. *See* Proposed Second Amended Complaint ("SAC") ¶¶ 2–6, ECF No. 38-4. As relevant to the additional claims asserted in the SAC, plaintiffs each allege that they were paid below the federal FLSA and state NYLL minimum wage during their employment, and that the payments they did receive were untimely.

Specifically, Ms. Cheng alleges that she worked 47.31 hours during the September 6 to 12, 2021 workweek and 47.94 hours during the September 13 to 19, 2021 workweek, but was paid a total of $1,000 for those two weeks. *Id*. ¶ 32. In addition, Ms. Cheng alleges that "to the best of [her] recollection, Defendants failed to pay Plaintiff Cheng at the [FLSA] minimum wage . . . for the 7.61 hours of work she performed" in the July 3 to 9, 2023 workweek. *Id*. ¶ 35. Finally, Ms. Cheng alleges that she was not paid for the work she performed between May 3, 2021 and June 6, 2021 until June 30, 2021. *Id*. ¶ 36.

Mr. Li alleges that he was not paid at all for the work he performed between July 10, 2023 and August 6, 2023. *Id*. ¶ 46. In addition, Mr. Li alleges that he typically worked for 16 to 17 hours per week for thirty weeks in 2021, but was paid only $2,562.00 for his work in that year. *Id*. ¶¶ 51-52. Finally, Mr. Li alleges that he was paid a lump sum payment on August 22, 2021 for the work he performed between July 1, 2021 and August 22, 2021. *Id*. ¶ 54.

Mr. Kao alleges that he worked at least 8 hours per week between June 14, 2021 and August 7, 2023, with the exception of three weeks in 2022 and two weeks in 2023 in which he was away on vacation. *Id*. ¶ 62. Mr. Kao was paid only $3,982.10 for the forty-nine weeks of work he performed in 2022, and only $2,333.00 for the twenty-nine weeks of work he performed in 2023. *Id*. ¶¶ 66-67. Mr. Kao further alleges that he "believes it is likely that" he was not paid

2

the FLSA minimum wage for the 8 hours/week of work he performed between July 2, 2023 to August 6, 2023. *Id*. ¶ 73. Finally, Mr. Kao alleges that he was paid a lump sum payment on August 22, 2021 for the work that he performed between July 1, 2021 and August 22, 2021. *Id*. ¶ 69.

## PROCEDURAL BACKGROUND

On June 26, 2024, plaintiffs filed their First Amended Complaint. *See* FAC, ECF No. 15. That complaint asserted FLSA and NYLL overtime claims, failure to furnish wage statements and record claims under NYLL § 195, a NYLL "spread of hours" claim, and common law contract claims for unpaid salary. *See id*. In response to defendants' motion to dismiss, I dismissed plaintiffs' spread of hours claim without prejudice and permitted plaintiffs one "final opportunity to amend their complaint to state a spread of hours claim." Order Granting MTD Ninth Claim of FAC at 8, ECF No. 22. Plaintiffs declined to do so, and defendants filed their answer on November 8, 2024. Amended Answer, ECF No. 27.

On November 5, 2024, the parties filed a Rule 26(f) report, which set July 1, 2025 as plaintiffs' deadline to amend their complaint without good cause and set October 31, 2025 as the deadline for close of fact discovery. Case Management Statement, ECF No. 26. The parties held an initial conference on November 12, 2024 and began discovery. *See* Electronic Order of November 12, 2024.

On July 1, 2025, plaintiffs sought leave to file a second amended complaint. Letter, ECF No. 33. The SAC contains several newly asserted claims on behalf of each plaintiff: minimum wage claims under the FLSA and NYLL, unpaid wage claims under the NYLL, and untimely payment of wage claims under the FLSA and NYLL. *See* SAC. Defendants oppose that motion.

## DISCUSSION

3

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within specified time periods not applicable here. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000).

**I.  Futility**

A court may deny leave to amend where amendment would be futile, which "arises when a proposed amended complaint could not withstand a motion to dismiss." *Singh v. Deloitte, LLP*, 123 F.4th 88, 93 (2d Cir. 2024) (quotation marks omitted); *see also Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." (quotation marks omitted)).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating the sufficiency of a complaint, I "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021). However, conclusory allegations, such as formulaic recitations of the elements of a cause of action, are disregarded. *Id.* at 107.

A.     FLSA Minimum Wage Claims

Plaintiffs first seek to add FLSA claims for unpaid minimum wages and delayed payment. Mot. at 7-8. To state a minimum wage claim, a plaintiff must sufficiently allege at least one given workweek in which his or her "average hourly wage f[ell] below the federal minimum wage." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). A plaintiffs' "burden at this stage is arithmetical," and "it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 402 (E.D.N.Y. 2015) (quotation marks omitted). A plaintiff is "not required to 'keep careful records and plead their hours with mathematical precision'; however, the standard requires that plaintiffs provide 'complaints with sufficiently developed factual allegations.'" *Id*. at 403.

1.     Ms. Cheng

Ms. Cheng alleges that "to the best of [her] recollection, Defendants failed to pay [her] at the minimum wage of $7.25 per hour for the 7.61 hours of work she performed" between July 3 and July 9, 2023. SAC ¶ 35. She further alleges that "in discovery, Defendants haven't provided any documentation . . . that they paid Plaintiff Cheng for the work she performed" during that period. *Id*.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a claim. *Ashcroft v. Iqbal*, 556 U.S. at 678. Accordingly, Ms. Cheng cannot state a FLSA claim by simply alleging that she was paid below the federal minimum wage without any further specificity as to how much she was paid. *See Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 WL 1310296, at *4 (E.D.N.Y. Mar. 11, 2014) ("In order for the plaintiff's allegations to rise to the level of a plausible FLSA claim,

5

he must provide more detail than the conclusory statement that defendants failed to pay him the minimum wage."), *R&R adopted*, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014).

Likewise, Ms. Cheng cannot invite the court to speculate, based on the lack of pay records produced during discovery, that she received less than minimum wage. Ms. Cheng does not specifically allege that she was paid nothing, nor does she provide an estimate as to what she pay she received during the July 3 to July 9, 2023 period. SAC ¶¶ 18–37. A lack of documentation fills neither gap and does not provide sufficient "factual content that allows the court to draw the reasonable inference" that she was paid less than minimum wage. *Iqbal*, 556 U.S. at 678 (2009) Although Ms. Cheng does provide her specific rate of pay and hours for the two workweeks between September 6 and 19, 2021, those allegations fail to state a FLSA claim because she was paid above the federal minimum wage during that period.[2] I therefore agree with defendants that Ms. Cheng's FLSA claim is inadequately pled, and therefore futile.

        2.        Mr. Li

Mr. Li alleges that defendants did not pay him any wages for the work he performed between July 10, 2023 and August 6, 2023, during which he worked between 6 and 8.25 hours per week. SAC ¶ 46. Obviously, an hourly wage of $0/hour falls below the federal minimum wage of $7.25/hour. Mr. Li plausibly alleges that defendants violated FLSA's minimum wage provisions during this period.

In addition, Mr. Li alleges that he worked 16 hours per week for the 30 weeks between June 1, 2021 and December 31, 2021, but that, according to his 2021 W-2, he was paid only $2,562.00 for his work during that period. *Id.* ¶ 51. Based on those allegations, Mr. Li was paid

---

[2] Ms. Cheng alleges that she worked 47.31 hours between September 9 and 12, 2021 and 47.94 hours between September 13 and 19, 2021, and was paid only $1,000 for that two-week period. SAC ¶ 32. Accordingly, Ms. Cheng was paid an average hourly rate of $10.50, exclusive of an overtime premium ($1,000 ÷ 95.25 hours = $10.50/hour).

an average of $5.34/hour, which is below the federal minimum wage.[3] I therefore conclude that the SAC states a FLSA minimum wage claim as to Mr. Li, and that amendment would not be futile.

        3.      Mr. Kao

Mr. Kao alleges that he worked "at least 8 hours per week . . . . throughout his tenure," with the exception of three weeks in 2022 and two weeks in 2023 "when he was away on vacation." SAC ¶ 62. Based on his bank and tax records, Mr. Kao was paid $3,982.10 for the 49 weeks he worked in 2022, and $2,333.00 for the 29 weeks he worked in 2023. *Id.* ¶¶ 66-67. Those allegations are insufficient to state a FLSA minimum wage claim, as they demonstrate that Mr. Kao was paid an average of $10.15/hour in 2022,[4] and $10.05/hour in 2023,[5] above the FLSA minimum wage of $7.25/hour. *Id.*

Mr. Kao's remaining allegation fares no better. Mr. Kao "believes it is likely that" he was not paid the FLSA minimum wage for the 8 hours of work per week that he performed from July 2, 2023 to August 6, 2023. *Id.* ¶ 73. However, the SAC provides no basis for that belief and provides no details whatsoever of what he was paid, if he was paid anything at all, during those weeks.[6] Moreover, that allegation is contradicted by his prior allegations demonstrating that his average wage was $10.05/hour in 2023, well above the federal minimum wage of $7.25/hour. Given that allegation, Mr. Kao's belief that he was "likely" paid below minimum wage from July 2, 2023 to August 6, 2023 rests on an "invited speculation[, which] does not amount to a

---

[3] $2,562.00 ÷ 30 weeks ÷ 16 hours = $5.34/hour
[4] $3,982.10 ÷ 49 weeks ÷ 8 hours = $10.15/hour
[5] $2,333.00 ÷ 29 weeks ÷ 8 hours = $10.05/hour
[6] Although Mr. Kao's memorandum of law asserts that he was not paid at all for such weeks, Mot. at 11, that allegation is absent from the SAC itself. Assertions contained in legal memoranda and absent from the complaint are not properly before the court in evaluating the sufficiency of a complaint. *See Stratakos v. Nassau County*, No. 15-CV-7244, 2016 WL 6902143, at *5 (E.D.N.Y. Nov. 23, 2016)

plausible claim under FLSA." *Lundy*, 711 F.3d at 115. I therefore agree with defendants that the SAC has adequately failed to allege Mr. Kao's FLSA claim, and is therefore futile.

      B.      FLSA Prompt Payment

The SAC also asserts FLSA "prompt payment" claims. SAC ¶¶ 87-89. Defendants contend that late payment is not cognizable under FLSA, as "[l]ate but full payment may give rise to liquidated damages under the FLSA, but not a standalone claim for delay." Opp. at 5.

Defendants are plainly incorrect. "The FLSA does not contain an explicit requirement that wages be paid on time, but 'courts have long interpreted the statute to include a prompt payment requirement.'" *McDonald v. H&M Fashion USA Inc.*, No. 24-CV-2476, 2025 WL 744014 at *2 (S.D.N.Y. Mar. 6, 2025) (quoting *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998)). Whether an employer's late payment violates the FLSA is "determined by reference to objective standards," *Rogers*, 148 F.3d at 58, and are cognizable where the employer's practices "stem from no legitimate business purpose, result in an unreasonable payment delay, or have the effect of evading the FLSA's minimum wage or overtime requirements," *McDonald*, 2025 WL 744014 at *2.

Here, plaintiffs essentially allege that defendants adopted an ad hoc pay schedule under which plaintiffs did not receive payment for their workweeks until months later. Plaintiff Cheng was paid for the five weeks of works that she performed between May 3 and June 6, 2021 on June 30, 2021. SAC ¶ 36. Likewise, Mr. Li and Mr. Kao were paid lump sum payments on August 22, 2021 for the work that they performed between July 1 and August 22, 2021. *Id*. ¶¶ 54, 69. Those allegations are sufficient at this stage to state a FLSA claim. *See Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 144, 147–48 (E.D.N.Y. 2023) (finding that plaintiffs sufficiently pled a

8

FLSA claim for prompt payment where unpaid wages were months overdue and missed with no legitimate business purpose).

      C.      NYLL Minimum Wage and Unpaid Wage Claims

Plaintiffs also seek to assert minimum wage and unpaid wage claims under the NYLL. SAC ¶¶ 94-96. The NYLL requires employers in New York City to pay a minimum wage of $15.00/hour. N.Y.L.L. § 652(1)(a). In addition, "the NYLL . . . allow[s] for recovery of unpaid wages at "the agreed-upon rate, even if it exceeds the minimum wage." *Shetty v. SG Blocks, Inc.*, No. 20-CV-00550, 2020 WL 3183779, at *5 (E.D.N.Y. June 15, 2020) (quotation marks omitted); *see* NYLL §§ 191(1)(a)(i), 191(1)(d) (mandating that workers "be paid . . . in accordance with the agreed terms of employment").

The SAC sufficiently alleges that all plaintiffs were paid below both the minimum wage and their agreed upon wage. Ms. Cheng alleges that she worked 47.31 hours between September 6 and 12, 2021 and 47.94 hours between September 13 and 19, 2021, and was paid only $1,000 for that two-week period. SAC ¶ 32. Accordingly, Ms. Cheng was paid an average hourly rate of $10.50, exclusive of an overtime premium, which was below the NYLL minimum wage of $15.00/hour. Mr. Li alleges that he was paid nothing for the work he performed between July 10, 2023 to August 6, 2023, and that he was paid an average of $5.34/hour for his work between June 1, 2021 and December 31, 2021. *Id*. ¶¶ 46, 51. Those rates are below both the NYLL minimum wage and his $36.00 agreed upon wage. *Id*. Mr. Kao alleges that he worked a minimum of eight hours/week for forty-nine weeks in 2022, but was paid only $3,982.10 that year. *Id.* ¶ 66. Mr. Kao thus received an average hourly wage of $10.15/hour in 2022,[7] well below the NYLL minimum wage of $15.00/hour and his $35.00/hour agreed upon wage. *Id*.

---

[7] $3,982.10 ÷ 49 weeks ÷ 8 hours = $10.15/hour

9

Defendants contend that the NYLL claims are futile because they are "duplicative" of plaintiffs' breach of contract claims. That assertion is meritless. A plaintiff may not obtain double recovery of damages insofar as his "breach of contract claim seeks damages that are duplicative of his statutory wage and hour claims." *Newman v. ASA Coll., Inc.*, 754 F. Supp. 3d 521, 543 (S.D.N.Y. 2024). Nonetheless, that is not a basis to dismiss the claims themselves. Here, plaintiff's breach of contract claim seeks recovery of unpaid wages at the agreed upon contractual rate. Courts in this circuit have uniformly "permitted plaintiffs to proceed on . . . breach of contract claims for straight wages in conjunction with FLSA and NYLL overtime claims." *See Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp.3d 442, 454–55 (E.D.N.Y. 2014) (collecting cases).

Defendants further assert that plaintiffs' claims are futile because plaintiffs admit that they were paid "in cash," SAC ¶ 109, and their allegations regarding their rate of pay fail to account for such cash payments. Opp. at 6. I disagree. At this stage, I must draw "all reasonable inferences in the plaintiff['s] favor." *Sacerdote.*, 9 F.4th at 106–07. Plaintiffs' allegation that they received undocumented cash payments in some unspecified periods do not fatally undermine their allegations that they were underpaid for the specific workweeks in which they allege underpayments. For example, Mr. Li alleges that he was not paid at all for the work he performed between July 10, 2023 and August 6, 2023. SAC ¶ 46. It is a reasonable inference that this allegation of a complete lack of payment accounts for both documented and undocumented payments.

D.     NYLL § 191 Claims

Finally, plaintiffs seek to add a claim under NYLL § 191(1)(d), which provides that an employer must pay a "clerical and other worker . . . not less frequently than semi-monthly, on

10

regular pay days designated in advance by the employer." SAC ¶ 100–102. Defendants assert that the claim is futile because the NYLL does not confer a private right of action to recover wages paid late under NYLL § 191.

New York's intermediate appellate courts have split on whether a plaintiff may assert a private right of action for violations of NYLL § 191. *See Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 716 (2d Dep't 2024) (concluding that NYLL § 198 does not confer a private right of action to recover wages paid late as defined by § 191); *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146) (1st Dep't 2019) (holding that NYLL § 198(1-a) "expressly provides a private right of action for a violation of Labor Law § 191"). The New York Court of Appeals has not yet resolved this question. *See Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp. 3d 206, 217 (E.D.N.Y. 2024).

Where there is a split of authority among New York's intermediate appellate courts, a federal court "is not bound by the law of the department that would apply if the case were filed in state court where the federal court sits, but rather must predict how the Court of Appeals would rule." *Zachary v. BG Retail, LLC*, 716 F.Supp.3d 339, 347 (S.D.N.Y. 2024) (quotation marks omitted). "Almost every court in this Circuit . . . has predicted that the Court of Appeals would rule that NYLL § 198 conveys a private right of action for violations of NYLL § 191." *Camillo v. Khim's Millennium Mkt., Inc.*, No. 22-CV-7846, 2025 WL 951265, at *11 (E.D.N.Y. Mar. 13, 2025) (collecting cases), *R&R adopted sub nom.*, 2025 WL 948125 (E.D.N.Y. Mar. 28, 2025). I therefore agree with the plaintiffs that NYLL § 191 is subject to a private right of action. *See Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 351 (S.D.N.Y. 2024) (holding that "an

11

unlawfully late payment of wages is an 'underpayment' within the meaning of Section 198, rendering violations of Section 191 privately actionable").[8]

Defendants also contend that the NYLL § 191 is futile because plaintiffs have failed to allege "actual damages," as NYLL § 198 was recently amended to exclude liquidated damages for "the employer's first violation" of NYLL § 191 "where the employer paid the employee wages on a regular payday, no less frequently than semi-monthly." N.Y.L.L. § 198(1-a) (2025). Those damages are instead limited to "no more than one hundred percent of the lost interest found to be due for the delayed payment of wages." *Id*. § 198(1-a)(i) (2025). However, defendants are wholly incorrect to assert that the amendment's *limitation* of damages means that plaintiffs cannot allege and prove *any* actual damages. Opp. at 7–8. Section 198(1-a) self-evidently provides for damages in the form of interest on late paid wages. I therefore agree with plaintiffs that their NYLL § 191 claims are not legally futile.

## II.     Amendment

As mentioned above, I may also deny leave to amend where there is "evidence of undue delay, bad faith or dilatory motive . . . [or] undue prejudice to the opposing party." *Monahan*, 214 F.3d at 283. None of those factors are present here.

Discovery remains in its early stages, and in any event the new claims do not significantly expand the scope of the discovery. Defendants' rote assertion that the new claims will require "new targeted discovery, potential expert testimony, and expanded liability" are meritless. Opp. at 13. For one, defendants do not identify any such new discovery. Nor could they. Plaintiffs' original breach of contract claims turn upon: their agreed upon rate of pay while employed with defendants, what hours they worked, what they were actually paid for that work,

---

[8] Indeed, that conclusion is only further strengthened by recent amendments to NYLL § 198, which explicitly set forth the recoverable damages for violations of NYLL § 191. *See* N.Y.L.L. § 198(1-a) (2025).

12

and when they were paid. Those are the exact same factual questions underlying the SAC's newly asserted FLSA and NYLL claims. Indeed, defendants concede that point by contending that plaintiffs' NYLL claims "fall squarely within" and are "based upon the same facts and hours" as their contractual claims. Opp. at 6. Accordingly, amendment will neither require discovery into new factual questions nor disrupt the parties' preparation of this case.

Even if such discovery were required, the additional "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading, particularly where the parties are still in discovery, as they are here." *Kate Spade LLC v. Vinci Brands LLC*, No. 23-CV-5409, 2024 WL 4449666, at *3 (S.D.N.Y. Oct. 9, 2024) (permitting amendment where new claims "stem[med] from the same core factual allegations that have been known by [defendant] since the filing of the first complaint") (quotation marks omitted); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 177 (S.D.N.Y. 2014) ("allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice").

Defendants also assert that plaintiffs' amendment is in bad faith, and that plaintiffs "waited to assess Defendants' discovery responses before proceeding" on their new claims, in that their proposed claims hinge upon defendants' failure to produce records of wage statements or payments. Opp. at 10. However, amendment of a complaint to conform to evidence obtained in discovery is entirely permissible and not evidence of bad faith. *See Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 11595698, at *5 (S.D.N.Y. Dec. 16, 2010) ("The most common reason that parties seek and are granted leave to amend their complaints is to conform the complaint to evidence obtained in discovery.").

13

Finally, there has been no undue delay. Discovery is ongoing, and amendment would not, as discussed above, significantly impede the timeline of this case. Admittedly, plaintiffs' counsel should have known about the factual and legal basis for the newly asserted claims. From the start of this litigation, plaintiffs have asserted wage and hour claims based on underpayment of wages, and those allegations should have notified plaintiffs' counsel that plaintiffs could have asserted minimum wage claims under the FLSA and NYLL.[9] However, by the same token, defendants should have been aware all along that such claims might have been asserted. Indeed, defendants appear to have operated under that assumption prior to the proposed amendment.[10]

In any event, "delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend." *Kate Spade, LLC*, 2024 WL 4449666, at *5 (quotation marks omitted and alterations adopted); *see also Miller v. Selsky*, 234 F.3d 1262, *2 (2d Cir. 2000) ("This circuit has permitted a party to amend a complaint after discovery has been completed and defendants have filed summary judgment motions, even when the basis for the amendment existed at the time of the original complaint") (citation omitted). "[M]ost delays warranting denial of leave to amend are several years in length and are discussed in conjunction with prejudice or bad faith." *Schvimmer v. Office of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021). There was no such extensive delay here, as this case was originally filed on February 28, 2024.

In sum, although I admonish plaintiffs for not asserting their FLSA and NYLL claims in prior complaints, I grant plaintiffs leave to amend those claims that I have not identified as futile.

---

[9] Plaintiffs candidly admit that the exclusion of their FLSA and NYLL claims from prior complaints "was the result of error." Mot. at 15.

[10] For example, prior to plaintiffs' motion to amend, defendants served interrogatories upon plaintiffs asking them to identify minimum wage underpayments under the FLSA and NYLL. *See* Defendants' Interrogatories at 5–7, Stockman Dec. Ex. G, ECF No. 38-7.

Thus, plaintiffs may NOT amend to assert FLSA minimum wage claims on behalf of Ms. Cheng and Mr. Kao. Plaintiffs may amend to assert all other additional claims proposed in the SAC.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:  September 2, 2025
  Brooklyn, New York